**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| COURTNEY WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-1933-JMS-MJD |
| | ) | |
| BRUCE LEMMON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a state prisoner confined at the New Castle Correctional Facility. He is housed in the Annex/STAND program which allegedly offers some programming but not the types of classes in which Wilson wishes to participate. He alleges that the denial of his requests to be transferred to a general population facility that offers programming or to be treated as a general population prisoner violated his due process rights. He further alleges that his classification assignment lacked due process. His claims are asserted pursuant to 42 U.S.C. ' 1983.

The complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

"The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 59 (1999) (internal quotation omitted). In *Sandin v. Conner,* 515 U.S. 472, 484 (1995), the Supreme Court explained that state-created liberty interests—which is to say, due process protections—"will be generally limited to freedom from restraint which, . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." *Lekas v. Briley,* 405 F.3d 602, 608 (7th Cir. 2005) (quoting *Sandin*, 515 U.S. at 483-84).

"[A] prisoner has no liberty interest in remaining in the general population." *Id.* at 607 (internal quotation omitted). *See also Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . ."). In addition, any loss of programming for which Wilson may have been rendered ineligible by virtue of his security classification did not constitute a deprivation of due process rights. *See Cochran v. Buss,* 381 F/3d 637, 641 (7th Cir. 2004) (loss of preferable prison living arrangement or unfavorable classification for rehabilitative programs does not rise to level of due process protections). It is also clear that an inmate such as Wilson has no liberty interest in remaining in a particular prison. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."); *Meachum v. Fano,* 427 U.S. 215, 224 (1976) (the Constitution does not guarantee that a "prisoner will be placed in any particular prison."). Accordingly, there is no viable due process claim asserted in Wilson's complaint.

Wilson's complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. §1915A**.

**II.**

The dismissal of the complaint will not result in the dismissal of the action at this time. Wilson shall have **through February 28,  2014,** in which to **show cause** why this action should not be dismissed for failure to state a claim. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If Wilson fails to show cause, the action will be dismissed pursuant to 28 U.S.C. § 1915A(b).[1]

**IT IS SO ORDERED.**

Date:  01/31/2014

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Courtney Wilson
#992168
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Rd.
New Castle, IN  47362

---

[1] The Court acknowledges the plaintiff's filing of January 28, 2014, in which he alleges that the denial of his classification appeal after he filed his lawsuit was retaliatory.  Such allegations are not sufficient to state a claim because he names no defendant who participated in any alleged retaliatory action. Without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ASection 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). If the plaintiff wishes to assert a claim of retaliation, he may seek leave to file an amended complaint and tender a proposed amended complaint, one that would entirely replace his original complaint.