UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COURTNEY WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:13-cv-1933-JMS-MJD |
| KEITH BUTTS, | ) ) ) |
| Defendant. | ) ) |

**Entry Dismissing Action for Lack of Jurisdiction and
Directing Entry of Final Judgment**

The plaintiff filed his amended complaint on February 26, 2014, at which time he was incarcerated at the New Castle Correctional Facility ("New Castle"). The only claim that remains in this action is that he had been confined in a two man cell for 23 hours a day for 338 days straight at New Castle in violation of his due process rights. The plaintiff sought only injunctive relief. That claim proceeded against Superintendent Keith Butts in his official capacity only.

Since the filing of the amended complaint, the plaintiff has been transferred to the Westville Correctional Facility. Therefore, the Superintendent of New Castle can no longer provide injunctive relief. When "a federal court becomes unable to award meaningful relief" because a plaintiff seeks only injunctive relief and "the defendant discontinues the conduct in dispute," the case becomes moot and the court loses subject matter jurisdiction. *Aslin v. Financial Industry Regulatory Authority, Inc.,* 704 F.3d 475, 477-78 (7th Cir. 2013).

The parties were given the opportunity to show cause why this action should not be dismissed for lack of jurisdiction. Not surprisingly, the defendant argues that the action should be dismissed because the plaintiff's injunctive relief claim relates only to his conditions of

confinement at New Castle. In essence, the plaintiff has obtained what he requested because he is no longer confined in segregation at New Castle. *See Pearson v. Welborn,* 471 F.3d 732, 743 (7th Cir. 2006) (transfer from prison where inmate sought declaratory and injunctive relief concerning retaliatory discipline at the prison rendered claims moot).

The plaintiff, not surprisingly, contends that the case should not be dismissed. In an effort to fall within the scope of the "capable of repetition but avoiding review" exception to the mootness determination, the plaintiff argues that he is likely to be transferred back to New Castle. The "capable-of-repetition doctrine applies only in exceptional situations, however, and generally only where the named plaintiff can make a reasonable showing that he will again be subject to the alleged illegality." *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir. 1996) (internal quotation omitted). A prisoner's mere allegation that he would or could be transferred back to the original prison is not sufficient to avoid the dismissal of his claims as moot. *Id.* That is all the plaintiff has presented here. His allegation is not sufficient, especially in light of the fact that the plaintiff has been at Westville Correctional Facility for almost a year now.

The plaintiff also argues that claims for damages are not moot, which is true, however, he sought no damages in his amended complaint. This was made plain in the Entry of March 26, 2014, screening the amended complaint. Dkt. 13 at p. 1 ("He seeks only injunctive relief."). The plaintiff never objected to the screening Entry nor has he sought leave to further amend his complaint to seek damages. Moreover, the plaintiff has alleged no physical injury and any claim for compensatory damages for mental and emotional injuries would be barred by 42 U.S.C. § 1997e(e). His belated request for punitive and compensatory damages, asserted in his response to the order to show cause on February 17, 2015, is too little too late.

For the above reasons, the plaintiff's claim became moot when he was transferred to another prison. "The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler,* 360 F.3d 787, 790 (7th Cir. 2004). This action must be dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: March 20, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Courtney Wilson
#992168
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391-0473

Electronically registered counsel